FILED

14 FEB 25 AM 11: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS                                   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRORI TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LUMINEX CORPORATION,<br><br>Defendant. | CASE NO. 13-CV-2647-BEN (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 13] |

Before this Court is a Motion to Dismiss filed by Defendant Luminex Corporation (Luminex). (Docket No. 13).  For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Irori Technologies (Irori) is owner by assignment of U.S. Patents No. 6,372,428; No. 6,416,714; and No. 6,352,854 (collectively, "Patents"), all entitled "Remotely Programmable Matrices With Memories." (Compl. ¶ 2)  The Patents are directed to techniques for using encoded beads for, among other applications, individually tracking molecules during chemical synthesis, in molecular assays, or in high throughput screening. (*Id.* ¶ 6).  Irori claims that these techniques are useful in activity such as drug discovery and clinical diagnosis. (*Id.*)  Irori states that the Patents contain claims directed to combinations, apparatus, and methods for employing and otherwise implementing the patented techniques. (*Id.* ¶ 7).

Irori asserts that Luminex is a "leading developer, manufacturer and supplier of

13cv2647

biological testing technologies with applications throughout the diagnostic and life
science industries." (*Id.* ¶ 9).  Luminex allegedly produces "xMAP" and "xTAG"
technologies that enable large numbers of biological tests or bioassays to be conducted
and analyzed quickly, cost-effectively, and accurately. (*Id.*)  Irori contends that the
xMAP and xTAG technologies incorporate the technologies and utilize the methods
developed by Irori, and disclosed and claimed in the Patents. (*Id.* ¶ 11).

On November 1, 2013, Irori filed a Complaint alleging that Luminex was
infringing the Patents by making, using, offering for sale, selling and/or importing
devices, apparatus, supplies, consumables, and other items covered by claims in the
Patents. (*Id.* ¶ 12).  For each of the Patents, Irori included "by way of example" a
"representative and preliminary claim chart showing how products, devices and other
technologies made, sold, offered for sale, used or imported" infringed the patent in
violation of 35 U.S.C. § 271(a). (*Id.* ¶ 12; Ex. D, E, F).  Irori also asserted willful
infringement (*id.* ¶ 13), contributory infringement (*id.* ¶ 14), and inducement (*id.* ¶ 15),
as will be discussed below.

On January 9, 2014, Luminex filed a Motion to Dismiss, claiming that the
Complaint fails to state a claim for inducement, contributory infringement, or willful
infringement.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if,
taking all factual allegations as true, the complaint fails to state a plausible claim for
relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff
to plead factual content that provides "more than a sheer possibility that a defendant
has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint
fails to state enough facts to raise a reasonable expectation that discovery will reveal
evidence of the matter complained of, or if the complaint lacks a cognizable legal
theory under which relief may be granted. *Twombly*, 550 U.S. at 556. The Federal

1   Circuit agrees that a motion to dismiss for failure to state a claim upon which relief can
2   be granted is governed by the law of the regional circuit. *See K-Tech Telecommc'ns,*
3   *Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013)

**DISCUSSION**

5   I.  Willful Infringement

6        Luminex asserts that Irori has failed to adequately allege willful infringement.
7   "Infringement is willful when the infringer was aware of the asserted patent, but
8   nonetheless acted despite an objectively high likelihood that its actions constituted
9   infringement of a valid patent." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860
10  (Fed. Cir. 2010) (citation and internal quotation marks omitted), *aff'd*, 131 S. Ct. 2238
11  (2011).

12       What a plaintiff must allege to satisfy *Twombly* and *Iqbal* in the context of
13  willful infringement remains somewhat murky. *See Sony Corp. v. LG Elecs. U.S.A.,*
14  *Inc.*, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) (noting a "lack of complete
15  uniformity" in district court decisions).   A "bare recitation of the required legal
16  elements for willful infringement" or a "mere allegation, without more," that
17  Defendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion.
18  *Pacing Tech., LLC v. Garmin Intern., Inc.*, No. 12-CV-1067, 2013 WL 444642, at *3
19  (S.D. Cal. Feb. 5, 2013) (citing *Robert Bosch Healthcare Sys., Inc. v. Express MD*
20  *Solutions, LLC,* No. C 12–00068, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012)).
21  In assessing whether the pleading requirements for knowledge have been met, courts
22  have required plaintiffs to allege sufficient facts for the court to infer that the
23  defendants had knowledge of the patents and that their products infringed on those
24  patents. *See Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884
25  (E.D. Va. 2013); *Trading Tech. Intern. Inc. v. BCG Partners, Inc.*, No. 10C715, 2011
26  WL 3946581, at *3 (N.D. Ill. Sept. 2, 2011).   However, courts have denied motions
27  to dismiss where the patentee couples an allegation of direct infringement with "the
28  barest factual assertion" of knowledge. *See Medtrica Solutions, Ltd. v. Cygnus Med.,*

1 | *LLC*, No. C 12-538, 2012 WL 5726799, at *1–2 (W.D. Wash. Nov. 15, 2012); *Avocet*
2 | *Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049, 2012 WL 2343163, at *3
3 | (N.D. Cal. June 5, 2012).

4 |      The only statement in the Complaint specifically addressing willful infringement
5 | is Irori's assertion that: "Luminex has been on notice of the '428, '714, and '854
6 | Patents and IRORI's claims of infringement, and, for at least this reason, Luminex's
7 | infringement is believed to be willful." (*Id.* ¶ 13). Review of the Complaint indicates
8 | that Luminex provides no factual allegations to support the allegation that Luminex
9 | was on notice.

10 |      In its Opposition, Irori contends that these allegations are sufficient. (Opp'n at
11 | 4). However, Irori also sets out additional factual allegations which it asserts it could
12 | incorporate into the complaint by amendment. (*Id.*)

13 |      Irori also argues that post-filing knowledge is sufficient to meet the knowledge
14 | requirement for post-filing infringement. (*Id.*) The Federal Circuit has stated that
15 | patent infringement is an ongoing offense that can continue after litigation commences.
16 | *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). However, a patentee
17 | needs a good-faith basis for alleging patent infringement in the original complaint,
18 | which must "necessarily be grounded exclusively in the accused infringer's pre-filing
19 | conduct." *Id.*

20 |      As currently pled, Irori states only a conclusory allegation of knowledge without
21 | even the barest factual assertion to support its allegation. Accordingly, the willful
22 | infringement claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given
23 | leave to amend.

24 | II. Indirect Infringement

25 |      Luminex claims that the Complaint fails to adequately plead two types of
26 | indirect infringement: induced infringement and contributory infringement. Indirect
27 | infringement requires 1) an underlying act of direct infringement by a third party, and
28 | 2) at least knowledge by the alleged indirect infringer that the act constitutes patent

infringement.  *See In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*, 681 F.3d 1323, 1333, 1339 (Fed. Cir. 2012); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011).

### A. Induced Infringement

Irori's assertion of inducement appears in only two places in the Complaint. Irori states that "Luminex's direct infringement, contributory infringement, and inducement to infringe have been willful and have deliberately injured and will continue to injure IRORI unless and until the Court enters an injunction . . ." (Compl. ¶ 15). Inducement is mentioned again in the request for an injunction in the prayer for relief.  (*Id.* at 5).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove inducement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship*, 598 F.3d at 851 (internal quotation marks omitted).  To induce infringement, a defendant must have "actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotation marks omitted).  To survive a motion to dismiss, a complaint must allege sufficient facts "for the Court to *infer* that the defendants had knowledge of [plaintiff's] patents and that their products infringed on those patents." *DR Sys., Inc. v. Avreo, Inc.*, No. 11-cv-932, 2012 WL 1068995, at *2 (S.D. Cal. Mar. 29, 2012) (quoting *Trading Techs. Int'l, Inc.*, 2011 WL 3946581, at *3).

Luminex asserts three deficiencies in Irori's induced infringement claim.

### 1. Underlying Act of Third Party Infringement

Luminex contends that Irori fails to adequately allege an underlying act of direct infringement. In response, Irori points to the exhibits it attached to the Complaint. The exhibits are described in the body of the complaint as examples of how products, devices and other technologies made, sold, offered for sale, used or imported into the

1    United States by Luminex infringe the Patents. (Compl. ¶ 12).  The paragraph of the
2    complaint discusses violations of 35 U.S.C. § 271(a), which outlaws direct
3    infringement, but makes no reference to either 35 U.S.C. § 271(b) (inducement) or §
4    271(c) (contributory infringement).

5         The exhibits cite to several website addresses, but do not state who runs each
6    website, what can be found on these websites, or why each website address has been
7    included.  Some of the websites apparently belong to vendors and laboratories that use
8    accused Luminex technology.  Irori contends that it is sufficient that the exhibits
9    contain links to vendor websites, identifying entities who are allegedly directly
10   infringing Irori's patents. (Opp'n at 5-6).  It states that, on the websites, the vendors
11   identify Luminex, describe the Luminex technology, and state their relationship to
12   Luminex.  Irori contends that Luminex "therefore must have deliberately and
13   knowingly licensed these infringing technologies to these entities." (Opp'n at 6-7).

14        Irori's Complaint includes references in exhibits which a defendant could use to
15   investigate and discover information that would allow one to infer an underlying act
16   of third party infringement.  However, the website addresses are not labeled or
17   explained, and one must separately visit the listed websites to determine what each link
18   might say about Luminex products.  Irori explains in the Opposition that these links
19   identify specific entities that are directly infringing its patent, but Irori does not clearly
20   make these allegations in the Complaint.  The body of the Complaint and the exhibits
21   do not indicate that these links would allow a defendant to discover facts that could
22   support third party infringement.  One reading the Complaint might easily interpret the
23   addresses as mere citations explaining the technology.

24        Irori points to one instance in which an exhibit cites Luminex's claim that
25   Luminex provides methods and licenses users of Luminex technology to develop and
26   make available methods using the Luminex technology.  (Compl., Ex. E, at 5).
27   However, this is provided as a description of how Luminex technology may satisfy the
28   requirements of one of the Patents, as part of an exhibit demonstrating how Luminex

1   has violated 35 U.S.C. § 271(a).

2          Irori need not identify a specific direct infringer to state a claim for direct
3   infringement, if it pleads facts sufficient to allow an inference that at least one direct
4   infringer exists. *In re Bill of Lading*, 681 F.3d at 1336.  Although careful scrutiny of
5   all exhibits and investigation of all links ultimately reveals information that may
6   support claims that third parties are using Luminex technology, Irori fails to clearly
7   allege underlying acts in the pleadings.  As it is unclear from the pleadings whether
8   Plaintiff is alleging underlying acts of third party infringement, the claim must be
9   dismissed on this ground.

10          *2. Knowledge*

11          Luminex also contends that Irori fails to plead any facts establishing that
12   Luminex had knowledge prior to filing of the Complaint.  Review of the Complaint
13   confirms that Irori made a conclusory allegation that Luminex had knowledge, and did
14   not plead any facts from which this Court could reasonably infer Luminex had
15   knowledge.  Irori contends that such facts are not required, but presents facts which it
16   alleges are sufficient to demonstrate pre-suit knowledge.

17          As Irori did not plead any facts from which this Court could infer Luminex had
18   knowledge prior to the filing of the Complaint, the claim must be dismissed on this
19   ground.  Although post-filing knowledge may suffice to allow a plaintiff to state a
20   claim for post-filing inducement, Irori does not allege such knowledge and provides
21   no basis to conclude that any knowing inducement has already taken place.  *See*
22   *Unisone Strategic IP, Inc. v. Life Tech. Corp.*, No. 13-CV-1278, 2013 WL 5729487,
23   at *3 (S.D. Cal. Oct. 22, 2013); *Pacing Tech., LLC v. Garmin Intern., Inc.*, 2013 WL
24   444642, at * 2.

25          *3. Intent*

26          Finally, Luminex contends that Irori filed to adequately allege the requisite intent
27   to induce infringement.  A complaint must plead facts that plausibly show that the
28   defendant specifically intended its customers to infringe the patent and know that the

1  customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339.

2  Given that Irori has not pled sufficient facts to allow this Court to infer knowledge or

3  underlying acts of infringement, the Complaint as currently pled does not allow this

4  Court to infer this specific intent.

5  ## B.  Contributory Infringement

6  Irori alleged in the Complaint that Luminex "has been and is contributorily

7  infringing" the Patents by "offering to sell or selling within the United States or

8  importing into the United States at least one component of the products that constitute

9  a material part of the invention . . . knowing the same to be especially made or

10  especially adapted for use in an infringement of such patents." (Compl. ¶ 14).  Irori

11  provided no other factual allegations regarding the contributory infringement.

12  Federal law provides that:

13  > Whoever offers to sell or sells within the United States or imports into the
14  > United States a component of a patented machine, manufacture,
   > combination or composition, or a material or apparatus for use in
15  > practicing a patented process, constituting a material part of the invention,
   > knowing the same to be especially made or especially adapted for use in
16  > an infringement of such patent, and not a staple article or commodity of
   > commerce suitable for substantial noninfringing use, shall be liable as a
   > contributory infringer.

17  35 U.S.C. § 271(c).

18  As with induced infringement, Luminex must state sufficient facts from which

19  this Court could infer that there was direct infringement and knowledge. *See In re Bill*

20  *of Lading*, 681 F.3d at 1333, 1337. Similar to induced infringement, Luminex contends

21  that Irori fails to allege sufficient facts regarding knowledge of infringement or

22  identifying underlying acts of a third party.  There are no additional factual allegations

23  in the Complaint with regard to contributory infringement that would allow this Court

24  to infer either knowledge or third-party infringement.  Irori's conclusory allegation of

25  the elements of the statute will not suffice. Accordingly, the contributory infringement

26  allegations must be dismissed.

27  ///

28  ///

- 8 -

13cv2647

## CONCLUSION

Irori's claims for inducement, contributory infringement, and willful infringement are **DISMISSED WITHOUT PREJUDICE**. Irori is granted leave to amend. If Irori chooses to file an amended complaint, it must do so within **21 days** of the date this Order is filed.

**IT IS SO ORDERED**.

Dated: February 25, 2014

HON. ROGER T. BENITEZ
United States District Judge

13cv2647